Vernon **BENNETT**, Plaintiff,

v.

**TRANSAMERICAN PRESS**, **Overdrive Magazine and Mike Parkhurst**, Defendants.

Civ. A. No. 7–2037–C–2.

United States District Court
S. D. Iowa,
Central Division.

April 1, 1969.

Thomas A. Renda, and Lee H. Gaudineer, Jr., Des Moines, Iowa, for plaintiff.

Donald A. Wine, William J. Koehn, and Robert F. Holz, Jr., of Thoma, Schoenthal, Davis, Hockenberg & Wine, Des Moines, Iowa, for defendants.

## MEMORANDUM AND ORDER

HANSON, District Judge.

This ruling is predicated upon motions for summary judgment filed by the plaintiff and defendants.

This is a civil libel suit arising out of an alleged libelous article which appeared in the June 1967 issue of Overdrive magazine. The article was highly critical of the Iowa Legislature's failure to pass a bill authorizing use of 65-foot double-bottom vehicles on the highways of Iowa. A vigorous controversy attending the Legislature's consideration of the bill led to widespread public interest in trucking activities within the State. The plaintiff, a state representative, made statements concerning the accident records of union truck drivers as compared to non-union drivers, which were printed in the Des Moines Register. The allegedly libelous article commented on the plaintiff's statements as follows: "We would like to point out that, besides making charges without facts, Mr. Bennett is also a liar." The plaintiff charges that he was libeled by the foregoing statement and by other portions of the article criticizing the Iowa Legislature.

It is not disputed and the Court has no doubt that the allegedly libelous statements were directed to the plaintiff in his official capacity. The parties also recognize that the plaintiff's right to recover is restricted by the constitutional pronouncements of the Supreme Court in recent cases dealing with libel. A serious question is presented as to whether or not the criticism of the Legislature can give rise to an action for libel by one of the members. The necessity of resolving that question, however, depends on whether or not the Court finds that the allegedly libelous statements came within the purview of First Amendment protection.

The motions for summary judgment are supported by affidavits and rely, in part, on the pleadings, exhibits and results of discovery proceedings. There has been no demand for a jury trial and

the parties agree that the Court may rule on fact questions as well as questions of law without further evidence.

■ A public official may recover damages for a defamatory falsehood relating to his official conduct only if he proves that the statement was made with "actual malice * * * that is, with knowledge that it was false or with reckless disregard of whether it was false or not." New York Times Company v. Sullivan, 376 U.S. 254, 279, 84 S. Ct. 710, 726, 11 L.Ed.2d 686 (1964). The plaintiff here contends that malice is shown by the very language used in the article and by the defendants' answer to an interrogatory wherein they state the sources on which they relied in making the statements. In substance, the plaintiff alleges that he has been slandered in that the article charged him with improper and immoral conduct, with acting in his public capacity contrary to his oath of office and with being a liar. In regard to the first two allegations of libel, the plaintiff is claiming to have been injured by the article's strongly-worded attack on the motives of the Iowa Legislature in defeating the truck bill. The most pointed passages of the article dealing with this subject are as follows:

"Unfortunately, reason and facts do not have a place in the mental processes of Iowa legislators. Bigotry, hysteria and superstition are virtues that distinguish Iowa representatives. Therefore the 65-foot doubles bill was defeated."

"* * * we would think that legislators would vote for those measures which would best serve their people, rather than for petty, baseless fears."

"The underlying reason for defeat of the length law was greed. The insatiable, sordid, perverted lust for money of the officials of Iowa is why 65-foot doubles are not permitted."

"Yeah, man, they love that jack! Hard cash is what they live for. To hell with the merits of the law. Who cares about the future? All they want now are those $1, $5 and even $100 bills in their hot little hands. Oh, how they love them! The flag over the State Capitol Building is probably a dollar bill."

"Iowa government officials in their panting, sweating grasp for money, would rather see their state as a swamp of witchcraft-ridden, backward technology."

■ It is apparent that these defamatory remarks are not at all similar to the libels dealt with in the *New York Times* case and other leading cases applying the constitutional standards. In those cases the defendants were charged with malice in printing statements of fact and not opinions. Despite the inflammatory manner in which the remarks are made, it is obvious to readers of the article that it represents the opinion of the writer. The references to monetary consideration is apparently an opinion that the bill was defeated so that the State of Iowa could continue collecting fines for violation of length and weight laws. However improbable these opinions, they are not calculated falsehoods or recklessly stated falsehoods.

■ The Court has carefully considered that portion of the article charging the plaintiff with being a liar. The plaintiff contends that the article flatly accuses him of making a false statement knowing it to be false. It is reasonable to conclude from a reading of the article, however, that it merely charges the plaintiff with being mistaken as to facts.

■ The Court believes that the evidence does not show that the defendants made false statements with the "high degree of awareness of their probable falsity demanded by New York Times * * *." See Garrison v. Louisiana, 379 U.S. 64, 85 S.Ct. 209, 13 L.Ed.2d 125 (1964). Malice has not been shown with "the convincing clarity which the constitutional standard demands." New York Times Company v. Sullivan, supra. "Reckless disregard" as defined by the

Supreme Court has not been shown. See St. Amant v. Thompson, 390 U.S. 727, 88 S.Ct. 1323, 20 L.Ed.2d 262 (1968). Under the circumstances, summary judgment is an appropriate procedure. See Walker v. Pulitzer Publishing Company, 394 F.2d 800 (8th Cir. 1968).

Accordingly, it is hereby ordered that the defendants' motion for summary judgment is granted with costs awarded to the defendants.